IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FRANCISCO DURAN AVILA,            )
                                  )
                Petitioner,       )
                                  )
        v.                        )    1:08CV715
                                  )    1:06CR270-1
UNITED STATES OF AMERICA,         )
                                  )
                Respondent.       )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Francisco Duran Avila, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 24.)[1] Petitioner was originally indicted for possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by an illegal alien in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). (Docket No. 1.) Petitioner later pled guilty to the first two charges. (Docket Nos. 10, 11.) He was then sentenced to 87 months of imprisonment for the possession with intent to distribute charge and a consecutive 60 months of imprisonment for the firearm charge. (Docket No. 12.)

Petitioner did file a direct appeal, but was unsuccessful in receiving any relief. (Docket Nos. 22, 23.) Petitioner then submitted his § 2255 motion. (Docket No. 24.) Respondent has

---

[1]This and all further cites to the record are to the criminal case.

filed a response (docket no. 39), Petitioner has filed a reply (docket no. 41), and Petitioner's § 2255 motion is before the Court for a decision.

Before addressing Petitioner's § 2255 motion, there is one other pending motion in the case. Petitioner filed a motion seeking a finding that Respondent had waived its right to contest his motion because it did not respond to his motion within 60 days as originally ordered. (Docket No. 37.) Although Petitioner is correct that no response was submitted within 60 days, Respondent sought and received several extensions of the time in which to file its response. Therefore, its eventual response was timely. Petitioner's motion for a finding of waiver should be denied.

## **DISCUSSION**

Turning now to Petitioner's motion and the claims contained therein, Petitioner raises two possible claims for relief. His first claim contends that his guilty plea was unknowing and involuntary because counsel did not properly investigate the basis for the firearm charge and did not properly advise him regarding the guilty plea. He states that he would not have pled guilty but for the erroneous advice by counsel that he was guilty. Petitioner's second claim for relief is similar. It is very succinct, but appears to be a claim that, based on the inadequate investigation and advice alleged in his first claim, he was provided with ineffective assistance of counsel. Because of the claims' shared factual and legal basis, they can be addressed together.

-2-

"When a defendant is represented by counsel when making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding.  In order to rebut that strong presumption of validity, the defendant must make a factual showing that his plea of guilt was not voluntary and intelligent." United States v. Custis, 988 F.2d 1355, 1363 (4th Cir. 1993)(citations omitted).  "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." United States v. Wilson, 81 F.3d 1300, 1308 (4th Cir. 1996)(citations and internal quotation marks omitted).  "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984).  Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward

with some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

The centerpiece of both of Petitioner's claims is that his attorney erroneously advised him to plead guilty when the facts of his case did not support a finding of guilt. The facts, as set out in the factual basis supporting his plea agreement, are as follows. Petitioner arranged to sell two kilograms of cocaine hydrochloride to a confidential informant. Once a location was determined, an undercover officer waited there until Petitioner arrived. Petitioner was arrested when he did arrive. A search of Petitioner's car uncovered just over two kilograms of cocaine hydrochloride. A .380 caliber pistol was located under the driver's seat.[2]

Petitioner points primarily to Bailey v. United States, 516 U.S. 137 (1995), to support his case. Bailey held that mere possession of a firearm while committing a drug offense did not satisfy the "use" requirement of the version of 18 U.S.C. § 924(c)

---

[2] Petitioner states that the pistol was under the passenger seat and that he was ten feet away from the car when he was arrested. (Docket No. 42.) As will be seen, this difference in facts does not affect the outcome of the case.

-4-

in effect at that time. Likewise, Petitioner believes that his mere possession of the pistol did not violate § 924(c). Unfortunately for Petitioner, <u>Bailey</u> does not apply to the present case. After <u>Bailey</u> was decided, Congress amended § 924(c) to include "possession" of a firearm if it was possessed "in furtherance of" certain drug crimes. Petitioner was charged only with possession "in furtherance of" drug trafficking, not "use" of the firearm. The rule in <u>Bailey</u> is inapplicable here.

Petitioner also claims that there was not sufficient evidence to allow him to be convicted of the firearm charge because nothing showed that his possession of the gun furthered his drug dealing. He is again incorrect. Although the mere presence of a firearm near drugs may not be enough for a conviction, it takes little more. This is because a gun furthers a drug crime if it protects against robbery of the drugs or profits, makes a robbery attempt less likely, helps collect during a drug deal, protects the dealer against a deal gone bad, might prevent the deal from going bad, or could ward off rival dealers. <u>United States v. Lomax</u>, 293 F.3d 701, 705 (4th Cir. 2002). Not only that, but in determining whether a weapon had one of these many possible effects, a fact finder may consider factors including, but not limited to:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

Id. (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir.2000)).

A fact finder considering this case would have been presented with a situation where Petitioner was conducting a sizeable drug deal involving two kilograms of cocaine. Petitioner was away from his residence with a handgun under the seat of the same automobile that he used to transport the drugs and, presumably, the same automobile he would have used to transport a significant amount of money away from the transaction. Finally, because Petitioner was an illegal alien, his possession of the pistol was not legal or legitimate. (Presentence Report ¶ 34; Docket No. 11 at 2.) Several of the factors cited in the Lomax decision cut against Petitioner in this case, while none appear to be in his favor. A fact finder could easily infer that Petitioner possessed the pistol in order to protect his drugs and/or drug money.

Petitioner cites several cases which he claims support his argument that he could not have been successfully prosecuted on the § 924(c) count. However, a review of those cases shows they are easily distinguishable from Petitioner's situation. The first is United States v. Benson, 63 Fed. Appx. 88 (4th Cir. 2003). Although the Fourth Circuit did vacate a § 924(c) conviction in Benson, the facts are very different from this case. Benson involved a gun stored in a residence, not in a car. Also, there was no evidence that the drugs and gun were near each other in the residence. Here, Petitioner was transporting the gun and drugs together in the same vehicle.

-6-

Petitioner also cites United States v. Sanchez-Garcia, 461 F.3d 939 (8th Cir. 2006). Again, however, this case involved a residence, not a vehicle. More importantly, the Eighth Circuit in Sanchez-Garcia upheld a § 924(c) conviction even though the firearm was found in a bedroom and drugs were located in an adjacent room. There was even a closer connection between the gun and drugs in Petitioner's case.

Finally, Petitioner cites to United States v. Mann, 389 F.3d 869 (9th Cir. 2004). That case did involve a vehicle search and a § 924(c) conviction was reversed. Still, it is not similar to the present case. The firearms in Mann were located in a locked safe inside a truck at a rural campsite. The key to the safe was located in a sleeping area of the campsite, and drugs were being manufactured in a separate part of the campsite. The truck was not present when the drug manufacturing area was discovered, but arrived on the scene during the search. Id. at 872-73. Again, the facts of the case Petitioner cites are vastly different from those of his case. His gun and his drugs were together in the vehicle he was using to conduct drug trafficking. The gun was also readily accessible, not locked in a safe with the key elsewhere.

Overall, Petitioner has produced no case law that would suggest he had any viable defense to the § 924(c) charge. Given this set of circumstances, it can hardly be said that counsel erred in advising him to plead guilty to the § 924(c) count or that he was prejudiced by the advice. Petitioner states that he would not have pled guilty if he had understood the elements of the § 924(c)

-7-

charge as he now does.  However, his current understanding appears to be incorrect as set out above.  Further, he has not explained what defense he could have mounted with several of the <u>Lomax</u> factors weighing against him and none in his favor.  Nor does he state how he would have gone to trial with no viable defense.  His ineffective assistance of counsel claim fails on both the error and prejudice prongs.  Likewise, because counsel did correctly advise Petitioner concerning the § 924(c) count, Petitioner cannot claim that his plea was not knowing or voluntary.  He did understand the elements and the overall situation at the time he pled guilty, even if he is currently confused.  His claims should both be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside, or correct sentence (docket no. 24) and Petitioner's motion for a finding of waiver (docket no. 37) be denied and that Judgment be entered dismissing this action.


                                          /s/ Donald P. Dietrich
                                              **Donald P. Dietrich**
                                **United States Magistrate Judge**


June 25, 2009